UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:23-cv-21026-LEIBOWITZ/LOUIS

**TEK GRUBU GAYRIMENKUL**
**FRANCHISING PAZARLAMA IC VE**
**DIS TICARET ANONIM SIRKETI,**

 *Plaintiff*,

v.

**CORETITLE LLC, et al.,**

 *Defendants*.
_____/

## OMNIBUS ORDER

**THIS CAUSE** comes before the Court upon Defendant Coretitle LLC's Motion for Partial Summary Judgment ("Coretitle's Motion") [ECF No. 84], Plaintiff Tek Grubu Gayrimenkul Franchising Pazarlama Ic Ve Dis Ticaret Anonim Sirketi's ("Tek Grubu") Motion for Partial Summary Judgment ("Tek Grubu's Mot. Part. Summ. Judg.") [ECF No. 103], and the parties' respective response and reply briefs [ECF Nos. 91, 93, 106].[1] This case arises out of a scheme of

---

[1] The Court notes at the outset that both parties consistently failed to comply with S.D. L.R. 56.1, which governs the procedures for filing summary judgment motions and accompanying statements of material facts. Coretitle failed to file its statements of material facts timely alongside its Motion [*see* Coretitle's SOF, ECF No. 89], and Plaintiff failed to file a separate statement of material facts for any of its filings, including the response statement of material facts required by S.D. L.R. 56.1(a)(1) [*see* ECF Nos. 91, 97]. Instead, Plaintiff incorporated facts sections into its filings without any of the pinpoint citations to "specific evidentiary support" required by the Local Rules. *See* S.D. L.R. 56.1(b)(1)(B). Failure to comply with these rules alone is sufficient reason to deny the Motions. *See Taylor v. Trapeze Mgmt., LLC*, Case No. 0:17-cv-62262-KMM, 2019 WL 1466470, at *2 (S.D. Fla. Feb. 8, 2019) (denying motion for summary judgment because movant failed to comply with S.D. L.R. 56.1). Nor did the parties file a Joint Statement of Undisputed Facts, as required by the Scheduling Order. [ECF No. 88 at 4]. However, because the record is sufficiently developed to rule on Coretitle's and Tek Grubu's Motions, the Court will reach the merits.

three unidentified "John Does" to fraudulently sell Plaintiff's parcels of real property, enabled by Coretitle LLC's ("Coretitle") alleged negligence as the title agent in the fraudulent transfer.

Coretitle moves for partial summary judgment on the issue of damages, arguing that Plaintiff's damages are limited to attorney's fees incurred in a quiet title action because Plaintiff cannot establish that it suffered any damages beyond those attorney's fees. In response, Tek Grubu argues that it suffered special damages because it temporarily lost ownership of the real property and that the real property lost value.

Separately, Tek Grubu moves for partial summary judgment as to the negligence elements of duty, breach, and causation, arguing that (1) Coretitle had a duty to act lawfully while handling the transaction, (2) it breached that duty by processing the sale of the property, and (3) there is no dispute that Tek Grubu's damages were caused by Coretitle's negligence. In response, Coretitle argues (1) it owed no duty to Tek Grubu because it was never in privity of contract with Tek Grubu, (2) there are issues of material fact in dispute regarding whether Coretitle breached any duty to Tek Grubu, and (3) that Coretitle was not the proximate cause of Tek Grubu's damages.

The Court has carefully reviewed the pending motions, the parties' briefs, the record, and the applicable law. For the following reasons, Coretitle's Motion for Partial Summary Judgment [ECF No. 84] is **GRANTED in part and DENIED in part,** and Tek Grubu's Motion for Partial Summary Judgment [ECF No. 103] is **DENIED**.

## I.  BACKGROUND

Tek Grubu is a Turkish real estate company that purchased two parcels of real property located in Miami-Dade County, Florida (the "Subject Property") in 2014. [*See* Coretitle's Statement of Material Facts ("Coretitle's SOF"), ECF No. 89 ¶ 1; Plaintiff's Memorandum of Law and Facts in Opposition to Defendant's Motion for Partial Summary Judgment ("Tek Grubu's Resp. to Coretitle's Mot."), ECF No. 91 at 2]. Plaintiff did not generate any investment income

2

related to the Subject Property, make any improvements or investments in the Subject Property, and never had any definite plans to develop the Subject Property. [Coretitle's SOF ¶¶ 4–5]. In 2022, Coretitle served as title agent in the fraudulent transfer of the Subject Property from the three unidentified John Does to 0520 VL LLC.[2] [*Id.* ¶ 6]. Three unidentified John Does, falsely claiming to be the Plaintiff's representatives, contacted Coretitle regarding the sale of the Subject Property. [*See* Tek Grubu's Resp. to Coretitle's Mot. at 2].[3] The John Does prepared a fraudulent 2022 Warranty Deed, purportedly executed by "Tek Grubu Gayrinenkul," signed by "Imza," and completed at the United States Embassy in London. [*Id.* at 3; ECF No. 1-3 at 3].[4] Coretitle recorded and used this 2022 Warranty Deed to sell the Subject Property to 0520 VL LLC for a purchase price of $775,000. [Tek Grubu's Resp. to Coretitle's Mot. at 2].[5]

After this fraudulent transfer, Tek Grubu filed suit against Coretitle, the three John Does, and 0520 VL LLC, alleging one count of negligence against Coretitle ("Count I"), one count of fraud against the three John Does ("Count II"), and one count of unlawful filing of false statements against real property under Section 817.535(8), Florida Statutes, against Coretitle and the three

---

[2]   0520 VL LLC, a former Defendant in this case, has since settled all claims between itself and Tek Grubu, and the Court dismissed 0520 VL LLC from this case. [*See* ECF No. 111].

[3]   The Court notes that Coretitle's Reply Statement of Material Facts in Support of the Defendant's Motion for Summary Judgment [ECF No. 94 ¶ 2] stipulates to this fact, although Tek Grubu did not submit a proper Statement of the Facts in compliance with S.D. Fla. L.R. 56.1(b)(1)(B).

[4]   The Court acknowledges that Coretitle alleges that it is without specific information or knowledge to either admit or deny the existence of the "Imza" signature, Coretitle's Reply Statement of Material Facts in Support of the Defendant's Motion for Summary Judgment [ECF No.94 ¶ 6]. Nevertheless, the Court takes judicial notice that Exhibit C shows a signature that appears as the word "Imza" on the 2022 Warranty Deed.

[5]   Again, the Court notes that Coretitle's Reply Statement of Material Facts in Support of the Defendant's Mot. for Summary Judgment [ECF No. 94 ¶ 3], stipulates to this fact, despite Tek Grubu's failure to properly file a statement of material facts compliant with the Court's local rules.

John Does ("Count III"). [*See generally* Amended Compl., ECF No. 76]. The thrust of Tek Grubu's case is that Coretitle failed to act with reasonable care and due diligence when facilitating the purchase and sale of the Subject Property. [*Id.*].

Notably, Tek Grubu alleges that it "suffered damages, including but not limited to loss of ownership and use of the Subject Property and loss of the value of the Subject Property." [*Id.* ¶ 36]. Tek Grubu alleges no additional facts explaining its damages, such as a lost sale opportunity, damage to the property, damage to their reputation, or other special damages typical of fraudulent or negligent real estate transfer cases. [*See generally id.*]. Nor are such facts present in Tek Grubu's response to Coretitle's Statement of Facts, or anywhere else in the submitted record. [*See* Tek Grubu's Resp. to Coretitle's Mot. at 2]. While it argues that the value of the property is yet to be determined, Tek Grubu does not contest the fact that its damages consist of "(1) loss of value of the property, and (2) attorney's fees and costs to quiet title." [Coretitle's SOF ¶ 8; Tek Grubu's Resp. to Coretitle's Mot. at 2].

In September 2023, during this litigation, the Court entered a Stipulated Order Quieting Title to the Subject Property in Tek Grubu's favor and dismissing all of Tek Grubu's claims against 0520 VL LLC. [*See* Stipulated Order Quieting Title, ECF No. 57 at 2]. Tek Grubu soon after sold the Subject Property to 0520 VL LLC in November of 2023. [*See* Coretitle's SOF at 3]. Since this sale, Tek Grubu has not made any changes to its original damages allegations or provided any evidence of additional damages.

## II. LEGAL STANDARDS

Summary judgment is appropriate where there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56(a). Genuine issues of material fact exist when "a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S.

4

242, 249 (1986). All factual inferences must be considered in a light most favorable to the non-moving party. *Denney v. City of Albany*, 247 F.3d 1172, 1181 (11th Cir. 2001).

The movant has the initial burden of showing that genuine issues of material fact do not exist. *See Clark v. Coats & Clarks, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). The movant "may carry its burden of showing no genuine issue of material fact by showing 'an absence of evidence to support the nonmoving party's case.'" *Guevara v. NCL (Bahamas) Ltd.*, 920 F.3d 710, 723 (11th Cir. 2019) (quoting *Celotex Corp.*, 477 U.S. at 325). Once the moving party has met its burden, the burden shifts to the non-moving party to come forward with evidence showing genuine issues of material fact. *See Bailey v. Allgas, Inc.*, 284 F.3d 1237, 1243 (11th Cir. 2002). "[I]f the record, taken as a whole, cannot lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial, and summary judgment is proper." *Lugo v. Carnival Corp.*, 154 F. Supp. 3d 1341, 1344 (S.D. Fla. 2015) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

In Florida, "[t]o prevail in a negligence action, the plaintiff must show: (1) that the defendant owed a duty of reasonable care to the plaintiff; (2) that the defendant breached that duty; (3) that the breach was the proximate cause of the injury to the plaintiff; and (4) that the plaintiff suffered damages." *Hasenfus v. Secord*, 962 F.2d 1556, 1559–60 (11th Cir. 1992).

### III. DISCUSSION

**A. Coretitle's Motion [ECF No. 84]**

Coretitle argues that Tek Grubu's damages should be limited to reasonable attorneys' fees and costs incurred in the quiet title action because "no other damages can be [causally] linked to CORETITLE." [Coretitle's Mot. at 5]. Coretitle additionally argues that Tek Grubu failed to "specifically plead lost value or lost opportunities pursuant to Fed. R. Civ. P. 9(g)." [*Id.* at 7]. While Tek Grubu alleges damages to loss of property with "value yet to be determined[,]" such an

5

open-ended statement alone, without any evidence of the types of harm it actually suffered, at the summary judgment phase is insufficient to create a genuine issue of material fact on the issue of damages or establish that it pleaded special damages.  [Tek Grubu's Resp. to Coretitle's Mot. at 2].

Tek Grubu pleaded that it "suffered damages, including but not limited to loss of ownership and use of the Subject Property and loss of the value of the Subject Property."  [Amended Compl. ¶ 36].  However, loss of value of the underlying property is a pecuniary loss that had to have been pleaded specifically.  *See* Fed. R. Civ. P. 9(g) ("If an item of special damage is claimed, it must be specifically stated."); *Falic v. Legg Mason Wood Walker, Inc.*, 347 F. Supp. 2d 1260, 1268 (S.D. Fla. 2004) (defining special damages as "actual, out of pocket losses which must be proven by specific evidence as to the time, cause and amount"); *Sirer v. Aksoy*, No. 21-CV-22280, 2023 WL 3166453, at *8 (S.D. Fla. May 1, 2023) ("Special damages are actual, out of pocket losses; that is, realized or liquidated loss.") (internal quotation marks omitted).  Because Tek Grubu did not specifically plead any damages regarding loss of value in the property, or, for example, a lost sale opportunity or damage to the property, Tek Grubu is now, as a matter of law, unable to prove those damages at trial.  Still, other types of damages, including the loss of ownership and loss of the use of the property are not pure pecuniary losses that had to be specially pleaded.  *See, e.g. Salit v. Ruden, McClosky, Smith, Schuster & Russell, P.A.*, 742 So. 2d 381, 388 (Fla. Dist. Ct. App. 1999) (citing W. Page Keeton, et al., *Prosser and Keeton on The Law of Torts* § 128 at 971 (5th ed. 1984)) (explaining that damages from a slander of title claim are "general damages, not special

damages"). Thus, Tek Grubu can use those to prove general, consequential damages based on any purported negligence.[6]

Tek Grubu argues in response that Coretitle failed to file a timely response to the Amended Complaint, so Coretitle has admitted the allegations therein. [*See* Response in Opposition to Coretitle's Mot. for Partial Summary Judgment, ECF No. 91 at 4–5]. This argument fails because Coretitle has since filed its Answer to the Amended Complaint, and this Court granted its Motion to file an Amended Answer. [ECF Nos. 92, 117].

Tek Grubu states, without citing to any case law or legal authority, that the "measure of obtainable damages is a question of fact, not a question of law[.]" [Tek Grubu's Resp. to Coretitle's Mot. at 6].[7] While the *amount* of damages is a question for a factfinder, the *types* of damages available to a plaintiff is a legal issue this Court is well-qualified to address. *See, e.g., Garcia v. Fed. Ins. Co.*, No. 6:15-cv-1097-Orl-41GJK, 2017 WL 3706695, at *8 (M.D. Fla. Apr. 17, 2017) (excluding, at summary judgment, damages based on a certain "type of economic loss."). The argument that this Court cannot hold, as a matter of law, the *types* of damages available to a plaintiff is bereft of any legal authority and is rejected here.

Tek Grubu also argued that (at the time their motion was submitted) discovery was still ongoing and that it should be granted leave to amend its Complaint a second time. [*See* Response in Opposition to Coretitle's Mot. for Partial Summary Judgment at 7–8]. At this stage of the

---

[6] It is the Defendant's burden on summary judgment to show that the Plaintiff cannot prove these types of general damages; Coretitle offered no evidence that possible damages stemming from loss of ownership or use of the property (even if for a brief period) cannot be proven.

[7] The one case Tek Grubu cites states, "Florida decisional law has not explicitly addressed the question whether the determination of permanent or temporary injury to real property is a matter of law to be resolved by the trial judge, or a question of fact to be presented to the jury." *Bisque Assocs. of Fla., Inc. v. Towers of Quayside No. 2 Condo. Ass'n, Inc.*, 639 So. 2d 997, 999 (Fla. Dist. Ct. App. 1994).

litigation, after amended pleadings and cross-motions for partial summary judgment, Tek Grubu has had many opportunities to produce any evidence that it suffered damages beyond attorneys' fees incurred in the quiet title action. In fact, Tek Grubu filed its own Motion for Partial Summary Judgment *before* the close of discovery. [*See* Tek Grubu's Mot. Part. Summ. Judg. (filing on June 25, 2024, before the close of discovery on July 2, 2024)]. Accordingly, partial summary judgment on damages, limiting Tek Grubu's damages to attorney's fees incurred in the quiet title action, is an appropriate issue for this Court to consider at this stage. *See Munoz v. CitiMortgage, Inc.*, No. 21-13474, 2023 WL 164023, at *1 (11th Cir. Jan. 12, 2023) (affirming district court's summary judgment order where plaintiff failed to establish damages in tort action).

Therefore, this Court GRANTS Summary Judgment to Coretitle only on the grounds that Tek Grubu cannot prove any special damages at trial. Tek Grubu may still prove general damages, attorneys' fees, and costs to quiet title.

**B.  Tek Grubu's Motion for Partial Summary Judgment [ECF No. 103]**

Tek Grubu asks the Court to enter summary judgment on the issues of "duty, breach, and causation." [Tek Grubu's Mot. Part. Summ. Judg. at 9]. Tek Grubu argues that Coretitle acted as the "closing agent" to the fraudulent transaction underpinning this case and therefore "had a duty to Plaintiff as the actual owner of the land to handle the transaction in a manner consistent with their lawful duties as a title company." [*Id.* at 6]. Coretitle argues that it did not owe a duty to Tek Grubu and therefore cannot be held liable for any alleged negligence. [Coretitle's Resp. in Opp. to Pl.'s Mot. Part. Summ. Judg., ECF No. 106 at 6].

First, despite Tek Grubu's assertion that Coretitle does not dispute that it acted as a "closing agent," Coretitle denies this allegation, and Tek Grubu has shown no evidence that Coretitle was

acting as a "closing agent."[8]  [*See* Coretitle LLC's Answer to Amended Compl. ("Coretitle's Answer"), ECF No. 92 ¶¶ 15–16; ECF No. 100-1 ¶¶ 15–16].  Second, Tek Grubu fails to show that there is no genuine issue of material fact that Coretitle owed a duty to Tek Grubu.  As Tek Grubu points out, "a title insurance company acting as a closing agent has the duty to supervise a closing in a 'reasonably prudent manner.'"  *Askew v. Allstate Title & Abstract Co., Inc.*, 603 So.2d 29, 31 (Fla. Dist. Ct. App. 1992) (citing *Florida Southern Abstract & Title Co. v. Bjellos*, 346 So.2d 635, 636 (Fla. Dist. Ct. App. 1977)).  Both the *Askew* and *Bjellos* title agents, however, breached a duty to a known party with whom they were in direct privity after agreeing to serve as a closing agent pursuant to a prior agreement.  *See Askew*, 603 So.2d at 30; *see also Bjellos*, 346 So.2d at 637.  Here, Coretitle and Tek Grubu were *never* in direct privity with one another–Coretitle only ever dealt with the fraudsters in the real estate transaction.

Furthermore, because Coretitle never knew of Tek Grubu's existence, the parties' relationship is not so straightforward as title agent and customer and thus, Tek Grubu was not a known-third party to the transaction.  A real estate abstracter (who prepares a report encompassing the transactional history of a plot of land) may be held liable for negligently performing their services to "known third-party users."  *First American Title Ins. Co., Inc. v. First Title Service Co. of the Florida Keys Inc.*, 457 So.2d 467, 673 (Fla. 1984).  But it is not clear that a title agent like Coretitle could reasonably foresee the fraudulent scheme in this case in the way a real estate abstracter could reasonably foresee known third parties relying on such a report.  Neither is it clear that Tek Grubu was a known third-party to Coretitle, who only ever interacted with the fraudsters

---

[8]     Coretitle cites to ECF No. 1-3 for the proposition that Coretitle acted as a closing agent.  Tek Grubu's Mot. Part. Summ. Judg. at 2.  However, that warranty deed from March 2022 only mentions Coretitle once, stating:  "Prepared by and return to:  Madie Torres Herrera CoreTitle, LLC, 3000 N. Federal Highway Suite 10 Fort Lauderdale, FL 33306."  [ECF No. 1-3 at 2].  This document, alone, is insufficient to establish that Coretitle acted as a closing agent, even if it implies as such.

using Tek Grubu's name.  So, even assuming Coretitle agreed to serve as closing agent and breached its duty to supervise closing in a reasonably prudent manner, there is a factual dispute as to whether Tek Grubu was a known third-party to the real estate transaction. Accordingly, Tek Grubu has not met its burden to show the absence of any genuine issue of material fact that Coretitle owed it a duty.

Tek Grubu asserts that it is "unequivocally established that CORETITLE breached its duty of care towards the Plaintiff."  [Tek Grubu's Mot. Part. Summ. Judg. at 6].  The evidence Tek Grubu cites for this assertion, however, merely raises the question of whether Coretitle should have known that the underlying transaction was fraudulent.  Notably, Tek Grubu cites *no* legal authority for its argument that ignoring the cited "red flags" establishes breach of duty, assuming that a duty existed in the first place.  [*Id.* at 7].  The question of "whether an existing duty has been breached and if so, whether such breach was the legal cause of a claimant's injury or damage are questions of fact which have generally been left to the trier of fact in negligence cases." *Sanderson v. Eckerd Corp.*, 780 So.2d 930, 933 (Fla. Dist. Ct. App. 2001) (citing *McCain v. Florida Power Corp.*, 593 So.2d 500, 503 (Fla. 1992)).  Simply put, Tek Grubu has asked the Court to rule on a classic question of fact for the jury, and summary judgment would be inappropriate on this issue.

Finally, Tek Grubu argues that there is no dispute of material fact that its "damages were caused by Coretitle's negligent acts and/or omissions." [Tek Grubu's Mot. Part. Summ. Judg. at 8].  Without deciding whether Coretitle had a duty to Tek Grubu or breached a duty to Tek Grubu, this Court cannot decide whether the theoretical duty and breach caused Tek Grubu's injuries. Such a question is better left for a factfinder that decides the issues of duty and breach.  That said, Coretitle has a strong argument that its actions did not proximately cause Tek Grubu's harm because the chain of events here, which involved international unidentified fraudsters hijacking Tek Grubu's identity to sell the land to unsuspecting buyers, was quite unpredictable, thus vitiating

any proximate cause. *See McCain*, 593 So.2d at 503 ("[t]he law does not impose liability for freak injuries that were utterly unpredictable in light of common human experience."). Therefore, the Court cannot say as a matter of law that Coretitle's actions were the proximate cause of Tek Grubu's alleged damages.

In sum, Tek Grubu has not met its burden to show that no genuine issue of material fact exists on any of the elements raised in its Motion for Partial Summary Judgment, and it is not entitled to summary judgment on the issues of duty, breach, or causation.

## IV. CONCLUSION

For the reasons explained above, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Defendant Coretitle LLC's Motion for Partial Summary Judgment [**ECF No. 84**] is **GRANTED in part and DENIED in part**.

2. Plaintiff Tek Grubu's Motion for Partial Summary Judgment [**ECF No. 103**] is **DENIED**.

**DONE AND ORDERED** in the Southern District of Florida on August 29, 2024.



DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc: counsel of record