UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:23-cv-21026-LEIBOWITZ/LOUIS

**TEK GRUBU GAYRIMENKUL**
**FRANCHISING PAZARLAMA IC VE**
**DIS TICARET ANONIM SIRKETI,**

    *Plaintiff*,

v.

**CORETITLE LLC,**

    *Defendant*.
_____/

**CORETITLE, LLC,**

    *Third Party Plaintiff*

v.

**THE KEYES COMPANY,**

    *Third Party Defendant.*
_____/

## ORDER

**THIS CAUSE** comes before the Court upon Third Party Defendant The Keyes Company's ("Keyes") Motion for Summary Judgment (the "Motion") [Mot., ECF No. 109], filed on July 16, 2024. Third Party Plaintiff Coretitle, LLC ("Coretitle") has responded to the Motion [ECF No. 113], and Keyes has replied [ECF No. 115]. This Court previously granted in part and denied in part Coretitle's Motion for Summary Judgment [ECF No. 84], and Plaintiff Tek Grubu Gayrimenkil Franchising Pazarlama ic ve dis Ticaret Anonim Sirketi's ("Tek Grubu") Motion for Partial Summary Judgment [ECF No. 103]. [*See* Omnibus Order, ECF No. 123]. For the foregoing reasons, the Motion is DENIED.

# BACKGROUND[1]

As this Court previously discussed [*see* Omnibus Order, Background], this dispute is over two parcels of real property in Miami-Dade County that Tek Grubu owned. The parcels were fraudulently transferred in 2022, during which Coretitle served as title agent in the transfer from three unidentified John Does, who claimed to own the parcels, to 0520 VL LLC. [*Id.*]. Tek Grubu initiated this lawsuit against Coretitle, the three John Does (who were subsequently dismissed from this lawsuit [ECF No. 122]), and 0520 VL LLC (which has been dismissed after a settlement with Tek Grubu [ECF No. 111]), alleging one count of negligence, and one count of unlawful filing of false statements against real property against Coretitle. [Am. Compl., ECF No. 76]. Coretitle then filed a Third Party Complaint against Keyes, bringing one count of common law indemnification (Count I) and one count of negligence (Count II). [Third Party Compl., ECF No. 41]. This Court previously granted in part and denied in part Coretitle's Motion for Partial Summary Judgment against Tek Grubu and denied Tek Grubu's Motion for Summary Judgment. [Omnibus Order].

---

[1] This Court notes at the outset that Keyes's Motion for Summary Judgment failed to comply with S.D. Fla. L.R. 56.1. First, Keyes included its Statement of Material Facts in the Motion itself even though the rule states that it should be filed separately. S.D. Fla. L.R. 56.1(a)(1). Second, S.D. Fla. L.R. 56.1(b)(1)(B) requires that all statements of material fact be supported by citations to "specific, pinpoint references to particular parts of record material, including depositions, documents, electronically stored information, affidavits, stipulations . . . admissions, and interrogatory answer" which "shall reference pages . . . of exhibits[.]" A "general citation to an exhibit without a page number or pincite . . . is non-compliant." *Id.* Keyes, however, failed to support its statements with specific, pinpoint references to particular parts of record material, choosing instead to attach various exhibits and generally cite to those. Coretitle similarly failed to cite to *any* record evidence to oppose Keyes's Statement of Material Facts. Due to the improper Statements of Material Facts, this Court is limited in its ability to determine the factual background at this juncture. *See Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1303 (11th Cir. 2009) ("Plaintiff['s] failure to comply with local rule 56.1 is not a mere technicality. The rule is designed to help the court identify and organize the issues in the case."); *Campbell v. Allstate Ins. Co.*, No. 2:19-CV-14270-RLR, 2021 WL 148735, at *3 (S.D. Fla. Jan. 15, 2021) ("[I]f a party fails to file a statement of facts that complies with Local Rule 56.1, then consistent with Federal Rule of Civil Procedure 56, the Court may strike the statement, grant relief to the opposing party, or enter other sanctions that the Court deems appropriate [pursuant to S.D. Fla. L.R. 56.1(d).]").

This Court's understanding of Keyes's involvement in the sale of the parcels is limited as Keyes's Statement of Material Facts, and virtually the entire Motion, makes no mention of Keyes. [*See generally* Mot.]. Coretitle alleged in the Third Party Complaint that Keyes acted as a "listing owner" during the fraudulent transfer on behalf of the purported seller, and presented the subject real property for sale to prospective buyers. [Third Party Compl. ¶ 7].[2] Coretitle alleged that Keyes should have confirmed the identity of the purported seller prior to the transfer. [*Id.* ¶ 18].

Keyes now brings this Motion for Summary Judgment against Coretitle, claiming that it is not liable to Coretitle because (1) Coretitle had a duty to independently investigate the ownership of the parcels at issue, and failed to do so; and (2) Keyes owed Coretitle no duty to warn them of a fraudulent third party of which it was not aware. [Mot. at 5–8]. Even if the failure to comply with S.D. Fla. L.R. 56.1 were overlooked, Keyes fails to convince this Court that there is no genuine issue of material facts as to both of these arguments. Therefore, the Motion must be DENIED.

## LEGAL STANDARD

Summary judgment is appropriate where there is "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56(a). Genuine issues of material fact exist when "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). All factual inferences must be considered in a light most favorable to the non-moving party. *Denney v. City of Albany*, 247 F.3d 1172, 1181 (11th Cir. 2001).

---

[2] At summary judgment, this Court does *not* take the allegations in the Third Party Complaint as true, but rather includes them here as general background as to Keyes's involvement in this matter.

The movant has the initial burden of showing that genuine issues of material fact do not exist. *See Clark v. Coats & Clarks, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). The movant "may carry its burden of showing no genuine issue of material fact by showing 'an absence of evidence to support the nonmoving party's case.'" *Guevara v. NCL (Bahamas) Ltd.*, 920 F.3d 710, 723 (11th Cir. 2019) (quoting *Celotex Corp.*, 477 U.S. at 325). Once the moving party has met its burden, the burden shifts to the non-moving party to come forward with evidence showing genuine issues of material fact. *See Bailey v. Allgas, Inc.*, 284 F.3d 1237, 1243 (11th Cir. 2002). "[I]f the record, taken as a whole, cannot lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial, and summary judgment is proper." *Lugo v. Carnival Corp.*, 154 F. Supp. 3d 1341, 1344 (S.D. Fla. 2015) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

## DISCUSSION

I.    Keyes has not shown that Coretitle failed to conduct an independent investigation.

"For a party to prevail on a claim of common law indemnity, the party must satisfy a two-prong test. First, the party seeking indemnification must be without fault, and its liability must be vicarious and solely for the wrong of another. Second, indemnification can only come from a party who was at fault." *Dade Cnty. Sch. Bd. v. Radio Station WQBA*, 731 So. 2d 638, 642 (Fla. 1999) (citations omitted); *see Underwriters at Int. v. All Logistics Grp., Inc.*, 483 F. Supp. 3d 1199, 1208 (S.D. Fla. 2020). A court should "look to the party seeking indemnity to see if it is without fault . . . . to be wholly without fault means that the basis of the claim for indemnification does not arise out of any conduct or act of the party seeking indemnification." *Underwriters at Int.*, 483 F. Supp. 3d at 1208.

Keyes argues that a "title insurance company acting as a closing agent has the duty to supervise a closing in a 'reasonably prudent manner'" and Coretitle's failure to act in accordance with this duty vitiates any liability on behalf of Keyes.  [Mot. at 5–6 (citing *Askew v. Allstate Title & Abstract Co.*, 603 So. 2d 29, 31 (Fla. Dist. Ct. App. 1992))].  Keyes claims that Coretitle "failed to verify the validity of the documents provided by the purported seller" and had it done its own independent investigation "like a reasonable, prudent title insurance company would have done[,]" Coretitle would have discovered that the purported seller did not own the parcels.  [Mot. at 6].  Keyes, however, fails to cite *any* law about either (1) the meaning of "reasonably prudent manner" as it relates to title agents or (2) whether failure to engage in an independent investigation of title documents constitutes a breach of the duty to act in a reasonably prudent manner.  Thus, this Court is unable to assess the standard of care for a title agent.  *See generally United States v. Sineneng-Smith*, 590 U.S. 371 (2020) (explaining importance of the party presentation principle).

Additionally, Coretitle disputes the statement by Keyes that it failed to verify the identity of the purported seller independently.  [*See* Resp. to Mot., ECF No 113 ¶ 4(e) ("CORETITLE independently verified the identity of the Seller by obtaining a second form of identification, and obtaining (i) certified copies of the Plaintiff's charter; (ii) a certificate of incumbency certifying the directors and officers; and, (iii) a corporate resolution of the Board of Directors authorizing the sale of the Subject Lots.").[3]  Thus, there is a triable issue of fact as to whether Coretitle's actions constituted a "reasonably prudent" independent investigation such that it can be considered even

---

[3]   To the extent that the Court is inclined to exclude Coretitle's Statement of Facts for failure to comply with the local rules by not pinciting any record evidence, it is also inclined to exclude Keyes's Statement of Facts regarding Coretitle's lack of independent investigation-- for failure to include pincites to the record.  Thus, regardless of whether this Court considers both Keyes's and Coretitle's relevant Statement of Facts on this issue, or neither party's statements, it would come to the same conclusion:  Keyes has presented insufficient evidence to this Court to justify granting summary judgment.

5

partly at fault for failure to verify the identify of the fraudsters acting as rightful sellers of the parcels. Therefore, this Court must deny Keyes's Motion for Summary Judgment here.

>   II.   Keyes has not shown that it did not owe a duty to Coretitle to warn them of the fraudulent actions of John Does.

"To establish a claim of negligence, a plaintiff must show (1) that defendant owed plaintiff a duty; (2) that defendant breached that duty; (3) that this breach was the proximate cause of plaintiffs injury; and (4) that plaintiff suffered damages." *Kadylak v. Royal Caribbean Cruise, Ltd.*, 167 F. Supp. 3d 1301, 1308 (S.D. Fla. 2016) (quotation marks omitted), *aff'd sub nom. Kadylak v. Royal Caribbean Cruises, Ltd.*, 679 F. App'x 788 (11th Cir. 2017). Keyes argues that it should be granted summary judgment as to Count II because it had no duty to warn Coretitle of the fraudulent activity of the John Does when it had no knowledge of their false identities. [Mot. at 7]. Additionally, Keyes argues it did not breach any of its obligations because it did not make any misleading, deceptive, or fraudulent representations during the transaction. [*Id.*].

The first problem with Keyes's arguments is that, even assuming an agent has no duty to warn of fraudulent activity of which it is not aware, Keyes has offered this Court *no* evidence that it was not aware of the fraudulent activity of the John Does. At summary judgment, the burden is on the movant to show that no genuine issues of material fact exist, and yet, Keyes's (impermissible) Statement of Facts includes *zero* mentions of itself or its lack of knowledge. *See Clark*, 929 F.2d at 608. Without any sort of *evidence* regarding Keyes's knowledge of the parties involved (or lack thereof), this Court is unable to determine whether Keyes met any duty it had. Similarly, without any *evidence* regarding Keyes's lack of knowledge this Court cannot determine the precise duty that it may have had vis-a-vis Coretitle.

Next, Keyes's arguments fail to convince this Court that it had no duty to verify the identity of the John Does. Keyes cites *Kjellander v. Abbott*, 199 So. 3d 1129, 1132 (Fla. Dist. Ct. App.

2016), for the proposition that real estate agents only have duties to disclose any known facts that affect the value of the property and not make any misleading, deceptive, or fraudulent representations. [Mot. at 7]. However, the *Kjellander* Court dealt with a situation in which buyers of a home *contractually agreed* that they would not rely on the representations of the agents for verification of the home's conditions; the agent, in effect, contracted out of its common law duties. *Kjellander*, 199 So. 3d at 1331. Moreover, the contract specified that the agents would not be relieved of any statutory obligations, which included the duties to disclose known facts about the property and to not make any misleading, deceptive, or fraudulent representations. *Id.* at 1331–32. Unlike *Kjellander*, this Court is aware of no contract in which Coretitle agreed to limit Keyes's duties to its statutory duties. Additionally, there is no indication on this record that Keyes contracted out of any common law duties it had. Therefore, *Kjellander* does not stand for the proposition that a real estate agent's duties are limited to its statutory duties, and this Court finds *Kjellander* inapposite.

In response, Coretitle argues that Keyes "had a duty to act as a reasonable realtor under the circumstances, and ultimately breached this duty by deviating from the applicable standard." [Resp. at 6]. Unfortunately, Coretitle does not identify the standard of care for a reasonable realtor, nor does it provide this Court with any guidance as to Keyes's role or actions in the underlying transaction. [*Id.*]. Coretitle identifies three cases to argue that Keyes had a duty to foreseeable third parties. [Resp. at 6–7]. However, none of these cases describe what duty Keyes owed Coretitle. *See Clay Elec. Co-op., Inc. v. Johnson*, 873 So. 2d 1182, 1186 (Fla. 2003) ("Whenever one undertakes to provide a service to others . . . the individual who undertakes to provide the service . . . thereby assumes a duty to act carefully and to not put others at an undue risk of harm."); *Liberty Surplus Ins. Corp. v. First Indem. Ins. Servs., Inc.*, 31 So. 3d 852, 856 (Fla. Dist. Ct. App.

2010) (noting that an "agent is individually liable to a third person for the agent's tortious conduct."); *Sussman v. First Fin. Title Co. of Fla.*, 793 So. 2d 1066, 1069 (Fla. Dist. Ct. App. 2001) (holding that "tort liability of [an] agent [is not] based upon the existence of any contractual relationship between the agent and a principal but upon the common law obligation that every person must so reasonably act or use that which he or she controls as not to harm another."). To the extent that these cases are even applicable (as none of them deal with a similar situation), they do not describe whether Keyes should have investigated whether the John Does validly owned the parcels.

However, another Florida court has discussed the issue and found that listing agents *do not* "have a duty to investigate unknown encumbrances or defects on the property sold[.]" *Busuttil v. Certified Home Inspections, LLC*, 332 So. 3d 44, 47 (Fla. Dist. Ct. App. 2021). Even so, because the parties have presented to this Court *no* facts as to Keyes's involvement in the underlying transaction, it is unable to determine as a matter of law that Keyes had no duty to Coretitle at this juncture. Therefore, Summary Judgment cannot be granted in favor of Keyes as to Count II.

## CONCLUSION

To state it simply: Keyes has failed to offer enough evidence (in the manner required) to this Court to grant its Motion for Summary Judgment. The Local Rules are not optional; parties which submit motions for summary judgment and responses to the motions must present both the relevant issues and the facts in such a way that the Court can comprehend the situation at hand. In this regard, neither party has done so.

For the reasons stated, it is **ORDERED AND ADJUDGED** that the Motion [**ECF No. 109**] is **DENIED**.

**DONE AND ORDERED** in the Southern District of Florida on October 3, 2024.



DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc: counsel of record